United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CENTRAL COLD STORAGE CORPORATION and NATIONAL CUSTOM PACKING, INC.,

Plaintiffs,

v.

ARCH SPECIALTY INSURANCE COMPANY and AXIS SURPLUS INSURANCE COMPANY,

Defendants.

Case No. 25-cv-08466-BLF

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT; AND DIRECTING THE CLERK TO REMAND THE ACTION TO STATE COURT UPON THE FILING OF THE FIRST AMENDED COMPLAINT**

[Re: ECF 32]

Plaintiffs Central Cold Storage Corporation ("CCS") and National Custom Packing, Inc. ("NCP") filed this insurance action in the Monterey County Superior Court in August 2025, seeking coverage for damage to the roof of a building owned by CCS and used for business operations by both CCS and NCP. *See* Notice of Removal Ex. A (Compl.), ECF 1-1. Plaintiffs allege that the damage to the roof is covered by commercial policies issued for the property by Defendants Arch Specialty Insurance Company ("Arch") and Axis Surplus Insurance Company ("Axis"), and that Defendants have not provided benefits due under the policies. *See* Compl. ¶¶ 53-56, 108. The policies name Plaintiffs' parent company, VPS Companies, Inc. ("VPS"), as the only insured, but Plaintiffs allege that they were intended to be additional insureds and were inadvertently omitted from the policies solely due to a drafting error. *See id.* ¶¶ 22-29, 53-54. The complaint asserts claims for reformation of contract, breach of contract, and breach of the implied covenant of good faith and fair dealing. *See id.* ¶¶ 109-62.

United States District Court
Northern District of California

Defendants removed this action to federal district court on the basis of diversity jurisdiction. *See* Notice of Removal ¶ A, ECF 1. Plaintiffs have filed a motion for leave to amend the complaint to add two new defendants, insurance brokers Heffernan Group, Inc. ("Heffernan") and Amwins Insurance Brokerage, LLC ("Amwins"), which were involved in obtaining the policies at issue. *See* Pls.' Mot., ECF 32. Plaintiffs assert that they wish to add claims for professional negligence and negligent misrepresentation against Heffernan and Amwins based on information obtained in discovery. *See id*. The motion is opposed by Defendants, who point out that joinder of Heffernan would destroy diversity jurisdiction. *See* Defs.' Opp., ECF 35. Plaintiffs have filed a reply. *See* Reply, ECF 38. The Court previously vacated the hearing on the motion that had been scheduled for August 27, 2026. *See* Order, ECF 39.

Plaintiffs' motion for leave to amend is GRANTED for the reasons discussed below. Because amendment will destroy subject matter jurisdiction, the Clerk SHALL REMAND the action to state court upon the filing of the first amended complaint.

## I. BACKGROUND

On April 25, 2022, non-party VPS submitted a commercial insurance application to its insurance broker, Heffernan, seeking coverage for several commercial properties, including the property at issue in this case. *See* Pls.' Ex. 1 (Insurance Application). The insurance application listed VPS as the first named insured and listed Plaintiffs CCS and NCP (among others) as additional insureds. *See id*. Heffernan advised that it would use Amwins, an insurance brokerage service, to place the requested insurance. *See* Pls.' Ex. 7 (Proposed FAC), ECF 32-7.

Insurance for the subject property was placed with Defendants Arch and Axis; both issued policies for the period July 9, 2022 to June 1, 2023. *See* Pls.' Ex. 2 (Arch Policy), Ex. 3 (Axis Policy). The policies list VPS as the sole named insured. *See id*. Heffernan nonetheless provided VPS with Evidence of Property Insurance forms listing VPS, CCS, and NCP as named insureds under the subject policies. *See* Aldape Decl. Exs. 1-2 (Evidence of Property Insurance). According to Plaintiffs, they understood that they were included as named insureds in the policies, consistent with the Evidence of Property Insurance forms provided by Heffernan as well as prior policies issued by Defendants that included Plaintiffs as named insureds. *See id*. ¶¶ 6-7.

On July 20, 2022, Plaintiffs discovered a crack in a roof truss supporting the roof of a building on the subject property. *See* Compl. ¶ 65. Plaintiffs and VPS notified Defendants of the loss, and Defendants began investigating the claim. *See id*. ¶ 67. Defendants continued to investigate for a year and a half without making a coverage determination or paying out any policy benefits. *See id*. ¶ 87. VPS finally filed suit against Arch and Axis in the Monterey County Superior Court in March 2024, asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing. *See* Pls.' Ex. 4 (VPS Complaint). Defendants removed the action to federal district court on the basis of diversity jurisdiction and took the position that VPS, which did not own the property, lacked an insurable interest in the property and therefore lacked standing. *See* Pls.' Ex. 5 (Summary Judgment Order). Magistrate Judge Nathanael M. Cousins, who presided over that case, granted summary judgment for Arch and Axis in May 2025 based on his determination that VPS did not have an insurable interest in the property. *See id*.

Three months later, Plaintiffs CCS and NCP filed the present action against Defendants Arch and Axis in state court. *See* Compl. Defendants removed the action on October 3, 2025 based on diversity jurisdiction. The initial case management conference was held on February 26, 2026. *See* Case Management Order, ECF 31. The Court set a case schedule that included April 27, 2026 as the last day to request leave to amend the complaint under the liberal standard of Federal Rule of Civil Procedure 15, and March 13, 2028 as the trial date. *See id*.

The Court directed the parties to submit a proposed discovery schedule, including close of fact and expert discovery, by March 13, 2026. *See id*. The parties failed to submit a proposed discovery schedule by that deadline and still have not submitted a proposed discovery schedule. As a result, there currently are no cutoffs for fact or expert discovery in this case.

Plaintiffs filed the present motion for leave to amend on April 27, 2026, the deadline for amendment under Rule 15, seeking to add insurance brokers Heffernan and Amwins as defendants based on information obtained during discovery. *See* Pls.' Mot. at 2. Although Plaintiffs' motion does not call out the fact that the requested amendment would destroy complete diversity, that clearly is the case because the proposed FAC alleges that both Plaintiffs and proposed defendant Heffernan are California corporations headquartered in California. *See* Proposed FAC ¶¶ 1-2, 4.

United States District Court
Northern District of California

## II. LEGAL STANDARD

"Historically, there has been disagreement between courts in this circuit as to what standard to apply when a Plaintiff seeks to amend a complaint to add defendants who would destroy diversity jurisdiction." *Nand v. FedEx Ground Package Sys., Inc.*, No. 2:23-CV-01142 DJC AC, 2024 WL 1306170, at *3 (E.D. Cal. Mar. 25, 2024). Some courts have applied the liberal standard of Federal Rule of Civil Procedure 15, while others have applied the more exacting standard under 28 U.S.C. § 1447(e). *See id*.

Section 1447(e) provides that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.A. § 1447(e). "Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); *see also Farwana v. Tesla, Inc.*, No. 24-CV-07518-BLF, 2025 WL 1107271, at *4 (N.D. Cal. Apr. 14, 2025) (listing same factors).

Most district courts, including several in this district, have determined that it is most appropriate to apply the Section 1447(e) analysis in such cases. *See Farwana*, 2025 WL 1107271, at *4 (collecting cases). This Court does so as well, evaluating Plaintiffs' motion for leave to amend under § 1447(e) rather than Rule 15. Section 1447(e) "requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court." *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004). "A district court may not allow joinder and retain jurisdiction." *Id.*

## III. DISCUSSION

Plaintiffs seek to join Heffernan and Amwins, insurance brokers involved in obtaining the policies at issue, as defendants in this case. Specifically, Plaintiffs wish to add claims against Heffernan and Amwins for professional negligence and negligent misrepresentation. As discussed above, the Court will analyze Plaintiffs' motion under § 1447(e). The Court's analysis is hampered somewhat by Plaintiffs' failure to address § 1447(e) in their moving papers. However, the Court finds that it is able to weigh the relevant factors based on the factual record presented by the parties.

The Court relies on the six factors set forth in *IBC Aviation*, cited by both parties and quoted above. *See IBC Aviation*, 125 F. Supp. 2d at 1011. The Court notes that Defendants address those factors out of order in their opposition brief. The Court does not follow suit but instead takes up the factors in the order listed and discussed in *IBC Aviation*.

### A. Necessity of Joinder

Addressing the first factor, the Court considers "whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a)." *IBC Aviation*, 125 F. Supp. 2d at 1011. Rule 19(a) requires that persons whose joinder will not deprive the court of subject-matter jurisdiction must be joined as parties if (1) the court cannot accord complete relief among existing parties absent joinder, or (2) adjudicating the action in the persons' absence may impair their ability to protect their interests or subject an existing party to the danger of inconsistent obligations. *See* Fed. R. Civ. P. 19(a). "Although courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." *IBC Aviation*, 125 F. Supp. 2d at 1011-12. For purposes of analysis under § 1447(e), the first factor is satisfied "when failure to join will lead to separate and redundant actions." *Id.* at 1011. Courts have disallowed joinder of non-diverse defendants, however, "where those defendants are only tangentially related to the cause of action or would not prevent complete relief. *Id.* at 1012.

Here, the Court finds that failure to join Heffernan and Amwins would lead to separate and redundant actions. Plaintiff's current claims against Defendants Arch and Axis and their proposed

claims against Heffernan and Amwins are grounded in the issuance of the same two insurance policies. In Plaintiffs' view, the insurers erroneously omitted Plaintiffs from the policies, and the brokers were negligent in obtaining the policies and/or in misrepresenting the scope of the policies once they were obtained. Litigation of Plaintiffs' current and proposed claims would require the same evidence about the same circumstances surrounding issuance of the same policies.

Defendants argue that "generally, an insurance agent is neither a necessary nor an indispensable party to either a rescission or coverage action[.]" *Evanston Ins. Co. v. G & T Fabricators, Inc.*, 263 F.R.D. 309, 311 (E.D.N.C. 2009). In *G & T Fabricators*, a declaratory relief action brought by an insurer against its insureds, the defendant insureds sought dismissal based on their argument that the insurance agent was an indispensable party whose joinder would destroy diversity jurisdiction. *See id*. at 310-11. The district court denied the motion to dismiss on that basis, finding that the insurance agent was neither necessary nor indispensable to the action between the insurer and the insureds, and that in any event joinder of the insurance agent would not destroy diversity jurisdiction. *See id*. at 311. In another case cited by Defendants, *Com. Cas. Ins. Co. of Georgia v. Kinann*, No. C02-5765 CRB, 2003 WL 21321373, at *3 (N.D. Cal. June 4, 2003), the district court similarly denied a motion to dismiss based on the defendant insureds' argument that the insurance broker was an indispensable party whose joinder would destroy diversity. The district court determined that "while the broker is interested in the outcome of this lawsuit, and will probably be a witness, his presence as a party is not necessary in order for the Court to grant complete relief" as between the insurer and the insureds. *Id*.

Relying on *Kinnan* and *G & T Fabricators*, Defendants argue that Heffernan and Amwins are not necessary parties here, because their joinder is not necessary to accord Plaintiffs complete relief between the existing parties. The Court finds that argument to be undermined by the fact that both Arch and Axis assert as affirmative defenses that Plaintiffs have not joined necessary parties and that Plaintiffs' damages were caused by non-parties. *See* Notice of Removal Ex. H (Arch Answer), ECF 1-8; Ex. I (Axis Answer), ECF 1-9. Moreover, Defendants ignore that Plaintiffs need not satisfy the exacting standard for joinder under Rule 19 that was applied in *Kinnan* and *G & T Fabricators*. Plaintiffs have shown that denial of their motion for leave to

amend would lead to separate and redundant actions, and that their proposed claims against the brokers are not merely tangentially related to the existing claims against the insurers, which the Court finds to be adequate under the legal standard applicable to § 1447(e). *See IBC Aviation*, 125 F. Supp. 2d at 1011-12.

This factor weighs in favor of granting leave to amend.

**B. Statute of Limitations**

The second factor requires the Court to determine whether the statute of limitations would bar the plaintiff from suing the new defendant in state court. *See IBC Aviation*, 125 F. Supp. 2d at 1011. In the absence of such a bar, courts have found that this factor weighs against allowing amendment. *See, e.g., Nand*, 2024 WL 1306170, at *4. The parties agree that the statute of limitations would not bar Plaintiffs from bringing a separate state court action against the brokers.

This factor weighs against granting leave to amend.

**C. Any Unexplained Delay in Seeking Joinder**

The third factor is whether there has been unexplained delay in requesting joinder. *See IBC Aviation*, 125 F. Supp. 2d at 1011. "Generally, courts consider the length of time that passed between plaintiff filing the original complaint and the amended complaint as well as whether dispositive motions have been filed." *Nand*, 2024 WL 1306170, at *4 (internal quotation marks and citation omitted).

Defendants argue that Plaintiffs unreasonably delayed in seeking to join the insurance brokers despite having knowledge of all relevant facts before filing this suit. Defendants contend that, given Plaintiffs' theory that the failure to include them as additional insureds was due to a mistake, the insurance brokers were obvious defendants. However, Plaintiffs submit a declaration of counsel, Mr. Furtado, and a declaration of their Chief Financial Officer, Mr. Aldape, stating that recent discovery responses disclosed new information that Heffernan and Amwins were aware that Arch and Axis had omitted Plaintiffs from the policies but never told Plaintiffs or VPS about that omission. *See* Furtado Decl. ¶¶ 8-13, ECF 32-6; Aldape Decl. ¶¶ 5-6, ECF 38-1. Plaintiffs represent that those discovery responses, which were not completed until April 2026, led them to seek to add the insurers to this suit. Plaintiffs filed the present motion for leave to amend on April

27, 2026, shortly after obtaining the discovery responses giving rise to their proposed claims against Heffernan and Amwins. The Court finds Plaintiffs' explanation regarding the timing of their motion to be credible and therefore finds that there was no unexplained delay in bringing the current motion.

This factor weighs in favor of granting leave to amend.

**D. Purpose of Joinder**

The fourth factor asks the court to consider the plaintiff's purpose on seeking joinder of a non-diverse defendant, specifically, whether joinder is intended solely to defeat federal jurisdiction. *See IBC Aviation*, 125 F. Supp. 2d at 1011. The Court finds nothing in this record to suggest that Plaintiffs filed the present motion solely to destroy diversity jurisdiction. Plaintiffs have articulated viable claims against Heffernan and Amwins, as discussed below, which they clearly wish to pursue.

Defendants argue that the record gives rise to an inference that Plaintiffs are engaged in forum shopping. The Court disagrees. If anything, it appears that Defendants are the parties forum shopping, as they have twice removed actions arising from these facts from Plaintiffs' chosen forum, the Monterey County Superior Court.

This factor weighs in favor of granting leave to amend.

**E. Validity of Claims**

The fifth factor requires the court to determine whether the proposed claims are valid, that is, whether they have "facial legitimacy." *Nand*, 2024 WL 1306170, at *5. "The claim need not be plausible or stated with particularity but simply be sufficient for a state court to find that the Plaintiff states a cause of action against the non-diverse defendant." *Id*. (internal quotation marks and citation omitted).

Defendants argue that Plaintiffs' proposed claims against the insurance brokers would be futile, because any duty owed by the brokers ran to VPS and not Plaintiffs. Defendants' argument is not supported by the cases they cite, which are factually distinguishable. In *Pac. Rim Mech. Contractors, Inc. v. Aon Risk Ins. Servs. W., Inc.*, 203 Cal. App. 4th 1278, 1283 (2012), the question before the court was whether an insurance broker had a duty to inform a non-client

additional insured that the insurance company had become insolvent after issuance of the policy. The court emphasized that "[i]nsurance brokers owe a limited duty to their clients, which is only to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured," and noted that there was no allegation that the broker had failed to use reasonable care in procuring the insurance policy at issue. *Id.* (internal quotation marks and citation omitted). In *Travelers Prop. Cas. Co. of Am. v. Superior Ct.*, 215 Cal. App. 4th 561, 578 (2013), the court rejected the claim of a loss payee that the insurance broker should have obtained a different type of coverage than that requested by, and obtained for, the broker's client. Neither of those cases involved claims against an insurance broker for failing to obtain the insurance that was requested and misrepresenting the scope of the insurance that was obtained.

Under California law, an insurance brokers' duty may extend to foreseeable third party beneficiaries of the insurance policy. *See Fick v. Unum Life Ins. Co. of Am.*, No. 2:12-CV-01851-MCE, 2012 WL 5214346, at *8 (E.D. Cal. Oct. 22, 2012) (collecting cases). The extent of an insurance broker's duty to a non-client third party is determined by "weighing a number of factors, including the extent the transaction was intended to affect the third party, the foreseeability of harm, the degree of certainty the third party suffered injury, the moral blame attached to the broker's conduct, and the policy of preventing future harm." *Bus. to Bus. Markets, Inc. v. Zurich Specialties London Ltd.*, 135 Cal. App. 4th 165, 172 (2005) (internal quotation marks and citation omitted). Here, Plaintiffs seek to add claims against Heffernan and Amwins based on their alleged failure to procure the coverage requested by VPS and alleged misrepresentations regarding the scope of coverage that was obtained. Those are legitimate claims under California law.

This factor weighs in favor of granting leave to amend.

**F. Prejudice to Plaintiffs**

The sixth factor is whether denial of joinder would prejudice the plaintiff. If Heffernan and Amwins are not joined in this action, Plaintiffs would have to file a separate action against them in state court that would be based on the same nucleus of facts giving rise to the present action. "Forcing a plaintiff to proceed with a second litigation in state court against a new defendant creates avoidable prejudice." *Nand*, 2024 WL 1306170, at *6 (internal quotation marks

United States District Court
Northern District of California

and citation omitted).

This factor weighs in favor of granting leave to amend.

**G. Conclusion after Weighing Factors**

For the reasons discussed above, the Court finds that five of the six § 1447(e) factors weigh in favor of granting leave to amend. The single factor weighing against Plaintiffs is the lack of a statute of limitations bar to filing a separate action against the brokers in state court. The Court concludes that the other factors tip the balance in favor of granting the motion for leave to amend, notwithstanding the fact that Plaintiffs could pursue a parallel action against the brokers in another forum.

Accordingly, Plaintiffs' motion for leave to amend is GRANTED. Plaintiffs SHALL FILE their amended pleading within seven days after the date of this order.

Defendants acknowledge that the amendment sought by Plaintiffs will destroy diversity jurisdiction. Upon Plaintiffs' filing of the first amended complaint, the Clerk SHALL REMAND the action to the Monterey County Superior Court for lack of subject matter jurisdiction.

**IV. ORDER**

(1) Plaintiffs' motion for leave to amend is GRANTED.

(2) Plaintiffs SHALL FILE their first amended complaint within seven days after the date of this order, by September 21, 2026.

(3) Upon Plaintiffs' filing of the first amended complaint, the Clerk SHALL REMAND the action to the Monterey County Superior Court for lack of subject matter jurisdiction.

(4) This order terminates ECF 32.

Dated: September 14, 2026

BETH LABSON FREEMAN
United States District Judge